889 P.2d 118

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven Lee EGERSDORF,
Defendant–Appellant.**

No. 21274.

Court of Appeals of Idaho.

Decided Feb. 3, 1995.

Fuller & Williams, Twin Falls, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this case we are asked to decide whether the district court properly revoked Egersdorf's probation and whether the district court abused its discretion by denying Egersdorf's motion for reconsideration of that revocation. We conclude that there was no error committed below and, therefore, affirm the order of the district court.

## FACTS AND PROCEDURE

In May of 1991, Steven L. Egersdorf pled guilty to one count of grand theft. I.C. §§ 18–2403 and 18–2407(b)(6). Egersdorf was sentenced to a seven-year term of incarceration with a minimum two-year period of confinement. Following evaluation in the retained jurisdiction program, Egersdorf was released and placed on a three-year term of probation.

Sixteen months after being placed on probation, Egersdorf was found to have violated his probation by possessing marijuana. Rather than revoking probation, however, the district court imposed a thirty-day jail term with work release, after which Egersdorf was allowed to continue on probation.

In January of 1994, another motion to revoke probation was filed, alleging that Egersdorf had submitted to a urinalysis which tested positive for marijuana use. A hearing was held in March of 1994, at which Del Hansen, Egersdorf's probation officer, testified that he had requested a urine sample from Egersdorf and performed a field test on it. The field test indicated that Egersdorf had used marijuana. Hansen further testified that he then sent the sample to the State Department of Law Enforcement's Bureau of Forensic Services. The testing performed there also indicated that Egersdorf had used marijuana (state's Exhibit No. 2). As a result of the evidence presented at the hearing, the district court found Egersdorf in violation of his probation and at the request of Egersdorf's counsel, set the matter for disposition at a later date.

Prior to the dispositional hearing and the revocation of probation, Egersdorf's counsel filed a motion for reconsideration or, in the alternative, a new trial. After hearing oral argument from counsel at the outset of the dispositional hearing, the district court denied the motion. At the conclusion of the dispositional hearing the district court revoked Egersdorf's probation and ordered execution of the previously suspended sentence.

Egersdorf now appeals, claiming that at the revocation hearing the district court erred by admitting Hansen's testimony concerning the field test and the written urinalysis report from the state laboratory. Egersdorf also contends the district court erred in denying his motion for reconsideration or for a new trial.

## ANALYSIS

In this appeal, Egersdorf challenges the district court's decision to admit Hansen's testimony regarding the urinalysis field test performed by Hansen. Egersdorf also challenges the admission of state's Exhibit No. 2, the laboratory report for the urinalysis test performed by the Idaho Department of Law Enforcement Bureau of Forensic Services.

We begin our analysis by noting that a probation revocation hearing is altogether different from an actual criminal trial. In a probation revocation proceeding, the Idaho Rules of Evidence do not apply. I.R.E. 101(e)(3); *State v. Tracy*, 119 Idaho 1027, 1028 n. 1, 812 P.2d 741, 742 n. 1 (1991). Further, a violation need not be proven beyond a reasonable doubt. *State v. Roy*, 113 Idaho 388, 390, 744 P.2d 116, 118 (Ct.App. 1987). In a probation revocation proceeding, the court must engage in a two-step analysis:

First, was a condition of probation actually violated? Ordinarily, this is a question of fact. Second, does the violation justify revoking the probation? This is a question addressed to the judge's sound discretion.

*State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct.App.1989).

In this case, Egersdorf does not challenge the second step of the analysis. Instead, Egersdorf focuses on the first step. More specifically, Egersdorf argues that some of the evidence considered by the district court to find that a probation violation had occurred should not have been admitted.

■ We review factual findings under a clearly erroneous standard. I.R.C.P. 52(a). Thus, a factual finding that a probation violation has been proven will be upheld on appeal if there is substantial evidence in the record to support the finding. *State v. Lafferty,* 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct.App. 1994) *citing State v. Kelsey,* 115 Idaho 311, 766 P.2d 781 (1988).

■ It appears that the standard for the laying of a proper foundation to admit scientific evidence during a probation revocation hearing has never been fully set forth by an Idaho appellate court. We begin by noting that a probationer does have at least some constitutionally protected right in continuing probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey,* the Court noted:

> What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.

Although *Morrissey* discussed parole violations, the Court found no discernable difference, in terms of due process, between parole revocations and probation revocations. *Gagnon,* 411 U.S. at 782, 93 S.Ct. at 1759–60.

■ The guiding standard for admissibility of evidence at a probation revocation hearing is that such evidence should be found to be credible and reliable. *See e.g. United States v. Stephenson,* 928 F.2d 728 (6th Cir. 1991); *United States v. Penn,* 721 F.2d 762 (11th Cir.1983).

Our review of the record indicates that the district court primarily based its decision to revoke Egersdorf's probation on state's Exhibit No. 2, the laboratory report from the Bureau of Forensic Services. Therefore, our inquiry is limited to whether Exhibit No. 2 was properly admitted. At the revocation hearing, Egersdorf's counsel conceded that the only objection to its admission dealt with the chain of custody and procedure employed in its testing. The district court concluded

that the sample was properly requested and maintained and, therefore, reliable.

■ At the probation revocation hearing the testimony providing the foundational basis for the admission of state's Exhibit No. 2 was given by Hansen. Hansen testified how and under what circumstances the urine sample was taken from Egersdorf. Hansen further testified concerning the chain of custody of the sample, its handling and storage, its mailing to the state laboratory and the receipt of the forensic report. Hansen's testimony was sufficient to establish a proper chain of custody for the sample.

■ As to the procedures used to test the sample, we deem that Egersdorf has waived his right to challenge the admissibility of the laboratory report on those grounds. At the evidentiary hearing, Egersdorf's counsel stated:

> [W]e agreed at the last hearing that we would not require that the toxicologist come clear over here to testify as to the results of the test. And, therefore, we would not object to the admission of this provided, however, that the court now reserve judgment, like it has also reserved its judgment on Mr. Hansen's results of his field test, until they can show a proper foundation that this test was properly conducted with all the procedures and chain of custody.

A transcript of the prior hearing where this stipulation evidently occurred was not included as part of the record on appeal. Although the latter half of this statement is somewhat ambiguous, we conclude that by stipulating that the criminologist who performed the test need not appear as a witness, Egersdorf waived any challenge to the qualifications of the criminologist or to the performance of the test by the criminologist at the state laboratory. Thus, we need not consider any weakness in the foundation for the laboratory report resulting from the waiver of the criminologist's testimony.

■ We find the record in this case supports the decision of the district court to admit state's Exhibit No. 2. We conclude that the district court properly admitted evidence of the urinalysis test performed by the

Bureau of Forensic Services and that this was a sufficient ground upon which the district court could revoke Egersdorf's probation.

■ Egersdorf filed a motion for reconsideration and motion for a new trial as one pleading. The motion for a new trial was based on I.C.R. 34. Egersdorf also argued for reconsideration under I.R.C.P. 11(a)(2)(B) and I.R.C.P. 59(a)(7). The district court apparently treated the motion as one for a new trial, which in this case would mean a new probation revocation hearing. A decision on a motion for new trial under I.C.R. 34 is reviewed under an abuse of discretion standard. *State v. Seiber,* 117 Idaho 637, 791 P.2d 18 (Ct.App.1989). The district court conducted a hearing on the motion where counsel presented oral argument. We conclude, upon review of the record, that the district court properly exercised its discretion in denying a new trial in this matter.

We affirm the order of the district court revoking Egersdorf's probation and executing the previously suspended sentence. We also affirm the district court's exercise of discretion in denying Egersdorf's motion for a new trial.

WALTERS, C.J., and LANSING, J., concur.