**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42493**

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 562 |
| | ) |
| Plaintiff-Respondent, | ) Filed: July 21, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| FRANCISCO PEREZ OROZCO, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying motion for a new trial, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Francisco Perez Orozco appeals from the district court's order denying his motion for a new trial. Orozco asserts the evidence that he and the victim entered into a common law marriage in Mexico was newly discovered evidence and would likely produce an acquittal. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Orozco was found guilty by a jury of sexual battery of a minor child sixteen or seventeen years of age with a sentencing enhancement based on conduct that occurred in May 2012. Idaho Code §§ 18-1508A, 19-2520G(2). The district court sentenced Orozco to a unified term of twenty-five years with fifteen years determinate. This Court affirmed Orozco's judgment of

1

conviction and sentence on direct appeal. *State v. Orozco*, Docket No. 41172 (Ct. App. April 15, 2014) (unpublished).

Orozco then filed a motion for a new trial, asserting claims of newly discovered evidence showing that he and the victim had entered into a common law marriage in Mexico and that she consented to having sexual relations with him. Orozco provided two documents in support of his motion, both of which were dated September 13, 2012, ostensibly showing that, pursuant to Mexico law, he and the victim had been in a common law marriage at the time of the alleged offense. First, he presented a letter that purported to be a "Letter of Authorization" by the victim's mother to "give [her] consent so that [her] daughter [ ] and [Orozco] may cohabitate." He argued that this letter provided legal authorization for him and the victim to have sexual relations, and thus, any sexual contact between them was consensual. He also provided a "Proof of Cohabitation," which purported to show that he and the victim, "residing in Bancos, Town of Nocupetaro, Michoacan, have cohabitated since (1) one year ago." He argued this document established that prior to coming to the United States, he and the victim were married at common law in Mexico. Orozco acknowledged that at the time of trial he would have known that he had cohabitated with the victim for more than one year; however, he claimed that the evidence in support of his claim was newly discovered. Therefore, he asserted that the evidence was relevant to an affirmative defense to the crime charged. The district court denied the motion, concluding that the evidence was not newly discovered; and even if it was newly discovered, it was not material evidence likely to produce an acquittal. Orozco timely appeals.

## II.

## ANALYSIS

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn*, 124 Idaho

2

849, 850, 865 P.2d 176, 177 (Ct. App. 1993). A motion for a new trial based on newly discovered evidence must disclose: (1) that the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P. 972, 978 (1976).

Orozco appears to suggest that the documents he provided in support of his motion demonstrate a valid common law marriage in Mexico by cohabitation, which should be recognized by Idaho, and therefore, he cannot be charged with sexual battery. As Orozco recognizes, proof of a valid foreign marriage could be exculpatory as Idaho law provides for recognition of foreign or out-of-state marriages. I.C. § 32-209. However, Orozco failed to show that the documentation was newly discovered or material to a valid defense.

The evidence is in no way newly discovered. Orozco disclosed the documents the day before the trial was to start, and before trial, the district court heard argument and precluded their admission. While it is true that evidence of a valid marriage prior to the alleged battery might conceptually be material, Orozco provided no authority to establish that a year's cohabitation in Mexico, or anywhere else, with a minor would constitute a binding marriage. In fact, Orozco's counsel acknowledged in the hearing prior to trial that his research, as well as discussion with the consulate in Boise, revealed that common law marriage is not recognized in Mexico.[1] He further acknowledged that common law marriage is not recognized in Idaho. Orozco argued that the cohabitation was with the permission of the victim's parent, and therefore, the sexual relations were consensual. However, as the district court correctly noted, consent by the victim or the parents is not a defense in Idaho. Orozco failed to present any legal authority that would demonstrate the materiality of the documents to a valid defense.

Orozco did not appeal the district court's pretrial determination that the documents were irrelevant to any valid defense. Having attempted to submit the evidence at the trial, Orozco cannot claim that the documents were newly discovered in support of a motion for new trial. The district court did not err in denying the motion for new trial.

---

[1] We also note authorities cited by the State which appear to hold that Mexico does not recognize common law marriages. *See Nino v. United States*, __ U.S. __ (___) 2015 WL 1003617 (S.D. Cal.); *In re Estate of Duval*, 777 N.W.2d 380, 383 (S.D. 2010).

### III.

### CONCLUSION

The district court did not abuse its discretion in denying Orozco's motion for a new trial. Accordingly, Orozco's judgment and conviction are affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.