## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44225

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 592 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 25, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| DANIEL ABRAM TAYLOR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and sentencing, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Daniel Abram Taylor appeals from the judgment of conviction, arguing the district court erred when it made evidentiary rulings during his trial, denied his motion for a new trial, and declined to place him on probation. He argues: (1) a photo of the victim was not relevant; (2) even if the photo were relevant, its probative value was substantially outweighed by the danger of unfair prejudice to his case; (3) admission of the photo was not harmless error; (4) the district court should have granted a new trial on those grounds; and (5) the district court should have sentenced Taylor to probation, not confinement. The district court's judgment of conviction and sentence is affirmed.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The victim in this case was seen by a psychologist because the victim was displaying inappropriate behavior at elementary school, having emotional variance issues, and struggling

1

with incontinence issues. The victim's psychologist reported information to the police, who contacted the victim's mother and requested the victim be interviewed by a detective. The interview was videotaped. Based on the information from the victim, the detective interviewed Taylor as well. Taylor's interview was also videotaped.

Taylor was charged with one count of lewd conduct with a minor under sixteen. At the conclusion of the trial, the jury could not reach a decision and the district court declared a mistrial. At Taylor's second trial, the State introduced, among other evidence, a still photo taken from the victim's interview with the detective, which was admitted into evidence over Taylor's objection. The photo depicted the victim and the detective sitting at a table across from each other. The State introduced the photo after questioning the detective about her interviewing methods. At the conclusion of the second trial, Taylor was found guilty. Taylor was sentenced to a unified fifteen year sentence, with five years determinate, later modified to a unified fifteen year sentence, with four years determinate. Taylor timely appeals to this Court.

## II.

## STANDARD OF REVIEW

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

A lower court's determination under Idaho Rule of Evidence 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). A decision on a motion for new trial is also reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted

within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

## III.

## ANALYSIS

Taylor asserts the district court erred by ruling the photo of the victim's interview was relevant and that the photo's probative value was not substantially outweighed by the danger of unfair prejudice. Taylor contends the district court compounded its error by not granting his motion for new trial on those grounds. Taylor asserts these errors were not harmless so his conviction should be vacated and his case remanded for a new trial. Taylor also argues that the district court abused its discretion by declining to place him on probation.

**A.    The District Court Properly Admitted the Victim's Interview Photo**

**1.    The interview photo was relevant to the detective's interview method**

Taylor argues the interview photo depicting the victim and the detective is irrelevant because it did not have any tendency to make the existence of any fact that was of consequence to the determination of the action more probable or less probable. The photo was introduced after the detective detailed the process and methodology she followed when interviewing the victim, as well as the location of the interview. Thus, the photo corroborates the detective's testimony regarding the interview process by depicting the environment of the interview room and the location of the parties. Additionally, the record shows that the detective's method and process of interviewing was at issue. Taylor called two different witnesses who discussed the

3

flaws of the detective's approach, although focusing mainly on the detective's interview with Taylor. Even so, Taylor asserts the photo could not possibly be relevant to any process or method the detective used because the State did not introduce multiple interview photos or the entire videotape of the interview to show the flow of the process or method. However, this argument does not change the fact that the interview photo provided the jury with a relevant data point about the nature of the interview between the detective and the victim. As such, the district court did not commit error when it ruled the interview photo was admissible.

### 2. The interview photo was not unduly prejudicial to Taylor

Alternatively, Taylor argues that even if the interview photo is relevant, its probative value is substantially outweighed by the danger of unfair prejudice to his case. Specifically, Taylor claims that the interview photo posed extreme danger because it would cause a prejudicial emotional response in the jury. He argues, as he did in an objection at trial, that showing an image of the victim in this case robbed jury members of their reason and caused them to decide the case out of sympathy because the victim is a "cute little girl."

The district court, in ruling on Taylor's objection to the photo, was acting pursuant to its discretion to decide evidentiary questions under I.R.E. 403. *Enno*, 119 Idaho at 406, 807 P.2d at 624; *Clark*, 115 Idaho at 1059, 772 P.2d at 266. Consistent with the balancing test set forth in I.R.E. 403, the district court considered the probative value of the photo against its unfair prejudice to Taylor. As to the photo's probative nature, the district court stated: "the method of conducting the interview, as I recall it, becomes an issue," and "I think it does have some probative effect on the issues regarding the interview." As to the photo's unfair prejudice, the district court concluded: "It's certainly not overly prejudicial." Then the district court admitted the photo. This application of I.R.E. 403 to Taylor's objection was an exercise of the district court's reason. Thus, the district court did not abuse its discretion in ruling that I.R.E. 403 did not bar the admission of the photo into evidence.

### B. The District Court Did Not Abuse Its Discretion by Denying Taylor's Motion for a New Trial

Taylor argued both the irrelevance and unfair prejudice of the interview photo as bases for his motion for a new trial. He contends the district court abused its discretion when it did not grant a new trial on those grounds. The district court, in ruling on Taylor's motion for a new trial, considered the arguments of both parties pursuant to its discretion to grant or deny a new trial under Idaho Criminal Rule 34 and Idaho Code § 19-2406. Considering the applicable legal

standards set forth in I.R.E. 401 and 403 as they applied to the facts of Taylor's objection, the district court acted properly within the boundaries of its discretion. The district court reached its decision by an exercise of reason, concluding the photo showed the circumstances surrounding the interview and was not overly prejudicial to the defense. Therefore, the district court did not abuse its discretion by denying Taylor's motion for a new trial on the grounds of relevance and unfair prejudice.[1]

## C. The District Court Did Not Abuse Its Discretion by Declining to Place Taylor on Probation

Taylor was convicted of lewd conduct with a minor child under sixteen. I.C. § 18-1508. The crime is punishable by a prison sentence for a term of not more than life. Taylor was sentenced to a unified period of incarceration of fifteen years, with five years determinate. However, after filing an I.C.R. 35 motion, the district court reduced the determinate portion of the sentence to four years. In either case, the sentence imposed was well under what the statute permits. Thus, Taylor's sentence is reviewed for an abuse of discretion. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007).

Here, Taylor asserts any sentence of imprisonment is unreasonable, that he should be placed on probation, and that the district court abused its discretion in not doing so. During the sentencing hearing, the district court discussed the goals of sentencing, namely protection of the public and society, rehabilitation, deterrence, and punishment, in light of the facts of Taylor's case. The district court determined that the case implicated the need to protect the public, to deter Taylor from committing the crime again, and to punish Taylor for his crime. Because Taylor denied ever committing the crime, the district court determined that rehabilitation was not a realistic goal and, thus, Taylor would be destined to fail on probation. Overall, the district court stated "the facts of the case do not support" a sentence of probation, but of confinement. From the district court's findings, it appears that Taylor's sentence of confinement was reasonable to accomplish the purposes of protecting society, deterring Taylor from committing similar crimes in the future, and doling out retribution for Taylor's crime. Therefore, the district court did not abuse its discretion by denying Taylor probation.

---

[1] Because we conclude the district court did not err or abuse its discretion in ruling the interview photo was relevant, that it was not unduly prejudicial, and that a new trial should not be granted on those grounds, we need not address whether admission of the photo was harmless error.

Taylor, however, argues that the district court did not adequately consider facts falling within the sentencing factors listed in I.C. § 19-2521. Specifically, he believes the district court failed to consider: Taylor's low risk to the community, this is Taylor's first felony, Taylor's friend and family support, and Taylor's plans to contribute to society in the future. Essentially, Taylor argues that because the district court did not make an explicit finding on the record about each of these facts, it failed to appropriately consider possible mitigating factors under I.C. § 19-2521. However, the district court is not required "to recite the statutory criteria of I.C. § 19-2521, or its application of the facts to those criteria in rendering its decision on probation." *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002). In fact, Idaho courts "have upheld a trial court's decision to imprison a defendant when it has considered factors falling under the statute's criteria, although the trial court's consideration of the criteria is not expressly made on the record." *Id.* at 278-79, 61 P.3d at 635-36. Such is the case here. Nothing in the record indicates the district court turned a blind eye to the sentencing information provided about Taylor's risk to the community, his criminal record, his friend and family support, or his plans to contribute to society. The district court did not need to exhaust itself, opining on every fact presented to it for sentencing. However, the district court did specifically mention society should be protected from Taylor, Taylor's criminal history, people who have expressed support for Taylor, and solicited a statement from Taylor about his plans to contribute to society. It cannot be said these facts did not enter the into district court's consideration of the mitigating factors under I.C. § 19-2521.

## IV.

## CONCLUSION

The interview photo was relevant and not substantially outweighed by a danger of unfair prejudice. We affirm the district court's judgment of conviction and sentence.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.