**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45071**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 444** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: May 10, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **ROBERT BENJAMIN BRACKETT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Order Denying motion for new trial, <u>affirmed</u>.

Silvey Law Office, Ltd.; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Robert Benjamin Brackett appeals from the district court's order denying his motion for new trial. Brackett argues the district court abused its discretion by denying the motion on grounds not made in the motion. The district court's order denying the motion for new trial is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This is the fourth appeal arising from the facts of Brackett's case, which this Court previously stated as follows:

> In January 2011, a minor reported to authorities that she had a sexual relationship with forty-six-year-old Brackett. At the time of the relationship, the minor was sixteen years old. Officers recovered a camera containing many sexually explicit photos of the minor, which the minor claimed were taken by Brackett and some of which depicted her having sexual contact with Brackett. Brackett was charged with eight counts of possession of sexually exploitive

1

materials, I.C. § 18–1507A, and eight counts of sexual battery on a minor child of sixteen or seventeen, I.C. § 18–1508A. Brackett's first trial ended in a mistrial after Brackett, during his opening statement, violated the district court's pretrial order. After his second trial, Brackett was found guilty by a jury of eight counts of possession of sexually exploitive materials and five counts of sexual battery on a minor child of sixteen or seventeen.

*State v. Brackett*, 160 Idaho 619, 624, 377 P.3d 1082, 1087 (Ct. App. 2016).

Brackett appealed his conviction, but this Court affirmed. *Id.* While the appeal of his conviction was still pending, Brackett filed a motion for a new trial, which the district court denied and Brackett failed to appeal. *See State v. Brackett*, Docket No. 44143 (Ct. App. Nov. 8, 2017) (unpublished). Before the appeal of Brackett's conviction was decided, Brackett filed a second motion for a new trial. The district court denied the second motion for new trial, Brackett appealed, and this Court affirmed the denial. *Id.* While the appeal of Brackett's second motion for new trial was still pending, Brackett filed two motions with the district court. One claimed the district court's denial of Brackett's second motion for a new trial was in error because the district court miscalculated the amount of time Brackett had to file a motion for a new trial, and the other motion requested a hearing. Brackett also filed a third motion for new trial with a motion for an in camera hearing. The third motion for new trial claimed a *Brady*[1] violation, that newly discovered evidence was available from two new witnesses, and that the district court erred by not determining the competency of a juvenile witness to testify.

The district court entered two orders to resolve these four motions. The first order denied the first two motions on the ground that Brackett's second motion for a new trial was still pending on appeal, and thus, the district court lacked jurisdiction to address it. The second order denied the second two motions, the third motion for new trial, and motion for in camera hearing, on the same grounds as the first order. Brackett appeals from the district court's second order.

## II.

### STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017).

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

### III.

### ANALYSIS

Brackett argues the district court abused its discretion by denying his third motion for a new trial on grounds not made in his motion. He contends the district court's order used reasoning from its previous order inapplicable to the three new issues he raised: a *Brady* violation, newly discovered evidence, and the competency of a juvenile witness.

Assuming, arguendo, that the district court erred by denying Brackett's motion with grounds inapplicable to the grounds raised in the motion, the district court's error was harmless because none of the three claims Brackett raised in his motion succeed on their merits.

First, Brackett's *Brady* claim and witness competency claim are both untimely. Idaho Criminal Rule 34 sets forth the time frame in which a motion for a new trial may be filed. Motions based on a valid claim of newly discovered evidence may be brought within two years of a final judgment. I.C.R. 34(b)(1). However, motions for a new trial based upon any other ground may only be brought within fourteen days after a verdict, finding of guilty, or imposition of sentence. I.C.R. 34(b)(2). Brackett was convicted on February 20, 2013, sentenced on September 30, 2013, and the remittitur from the appeal of his conviction was issued on August 5, 2016. Brackett filed his third motion for a new trial on April 24, 2017. Thus, Brackett's *Brady* and witness competency claims were filed far beyond I.C.R. 34's fourteen-day limit and were untimely.

3

Even if Brackett's *Brady* and witness competency claims were timely, they would fail as a matter of law.

> [T]he standards for relief on a *Brady* claim for a prosecutor's withholding of exculpatory evidence is less stringent than the *Drapeau* standard for a new trial based on newly discovered evidence. Under *Drapeau*, the defendant must show that the evidence will probably produce an acquittal while under *Brady* the defendant's burden is satisfied by showing a reasonable probability of a different verdict in that the government's suppression of evidence undermines confidence in the outcome of the trial. The latter is a lesser burden.

*State v. Branigh*, 155 Idaho 404, 422, 313 P.3d 732, 750 (Ct. App. 2013) (quotations omitted).

> For a *Brady* analysis, three components must be shown: the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; that evidence was suppressed by the State, either willfully or inadvertently; and that the evidence was material because there is a reasonable probability that its disclosure to the defense would have led to a different result.

*Id.*

If true, Brackett's *Brady* claim--that the State did not disclose that the victim had previously falsely accused someone of rape--would be favorable to Brackett as impeaching the victim's credibility as a witness. However, Brackett's motion for new trial does not present evidence that the State willfully or inadvertently suppressed this evidence, nor does it show a reasonable probability that the disclosure of this evidence would have led to a different result. Because Brackett fails to meet his burden of proof, his *Brady* claim fails as a matter of law.

Brackett's witness competency claim--that the State failed to determine "the competency of [the juvenile victim] on record as to her abilities to tell the truth and/or understand the entire situation and the impact of said allegations"--cannot be evaluated by this Court. The record does not contain a transcript of the trial for this Court to review. Because Brackett failed to make this transcript a part of the appellate record, his claim is unsupported by evidence and fails as a matter of law. I.A.R. 35; *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered." "A party waives an issue cited on appeal if either authority or argument is lacking.").

Second, Brackett's claim of newly discovered evidence, while timely, also fails as a matter of law. In an unpublished opinion affirming the denial of Brackett's second motion for a new trial, this Court stated I.C.R. 34's two-year limit for newly discovered evidence claims began the date the remittitur was issued from the appeal of Brackett's conviction. *Brackett*,

4

Docket No. 44143.  Thus, because Brackett filed his third motion for new trial before August 5, 2018, his newly discovered evidence claim was timely.  However, Brackett does not satisfy the *Drapeau* test which requires a motion based on newly discovered evidence to disclose:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976) (quoting 2 C. Wright, Federal Practice and Procedure: Criminal 557, at 515 (1969)).  Instead, Brackett's claim of newly discovered evidence stated only that two witnesses, who "despite all efforts" he could not contact for trial, would be able to provide newly discovered evidence.  Brackett did not describe the content of the testimony the witnesses could be expected to give, nor did he provide the district court affidavits describing such.  Such a conclusory claim does not suffice under *Drapeau*'s four prongs--(1) it appears Brackett knew of the witnesses before trial, (2) Brackett makes no claim or showing that the testimonies would be material, (3) Brackett makes no claim or showing that the testimonies will probably produce an acquittal, and (4) Brackett's claim that he exerted "all efforts" in securing the witnesses for the trial does not rule out the question of his negligence.  Therefore, Brackett's claim fails as a matter of law.

Because all of Brackett's claims fail, he cannot show he was prejudiced, even if this Court assumes the district court abused its discretion by deciding the motion upon inapplicable grounds.  Therefore, any error the district court committed was harmless.

## IV.

## CONCLUSION

Even if the district court abused its discretion by ruling on grounds inapplicable to the motion before it, the error was harmless.  This Court affirms the district court's denial of Brackett's motion for new trial.

Judge GUTIERREZ and Judge LORELLO, CONCUR.

5