**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45388**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 6, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JESUS MANUEL ZUNIGA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Order denying motion for new trial, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

———————————————————

HUSKEY, Judge

Jesus Manuel Zuniga appeals from the district court's order denying his motion for new trial. Zuniga argues the district court abused its discretion by denying his motion. The district court's order is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2013, two witnesses identified Zuniga as the person who stabbed a man. After the witnesses identified Zuniga in a photo lineup, Zuniga was charged with aggravated battery, Idaho Code §§ 18-903(a) and 18-907(a). Before trial, Zuniga filed a motion to provide notice of his alibi that he was working in Texas at the time of the offense. In the motion, he stated his Texas foreman could corroborate his location. However, Zuniga was unable to locate his

1

foreman to testify at trial. At trial, the jury convicted Zuniga of aggravated battery. He was then sentenced to a unified term of fifteen years, with ten years determinate.

Zuniga filed two pro se motions under Idaho Criminal Rule 35 for correction of an illegal sentence. Attached to the first motion were three affidavits from individuals who stated that Zuniga lived with their family from January 2013 to July 2013. Zuniga's public defender filed a supplement to Zuniga's motions, requesting the district court treat the motions as a motion for new trial based on newly discovered evidence contained in the affidavits under I.C.R. 34. The district court evaluated the motions under both I.C.R. 34 and 35. The district court held that under I.C.R. 35, Zuniga's sentence was not illegal and the motion was otherwise untimely. Under I.C.R. 34, the district court held the affidavits did not show Zuniga was in Texas at the time of the offense and the information was not newly discovered evidence because, prior to trial, Zuniga disclosed he was in Texas in his motion to provide notice of his alibi. The district court then denied Zuniga's motions. Zuniga timely appeals the district court's decision on his I.C.R. 34 motion to this Court.

**II.**

**STANDARD OF REVIEW**

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017). A motion for a new trial based on newly discovered evidence must disclose: (1) that the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P. 972, 978 (1976).

2

## III.
## ANALYSIS

Zuniga argues the district court abused its discretion by denying his motion for new trial under I.C.R. 34. Specifically, he contends the three affidavits he provided with his motion contained newly discovered evidence of his whereabouts during the time of the offense. Each of the affidavits states that Zuniga resided with the affiants in Texas during the period in which the offense occurred. However, none of the affidavits state that on the day of the offense Zuniga was in Texas.

Even if the affidavits provided evidence of Zuniga's alibi, Zuniga's whereabouts on the day of the offense is not newly discovered evidence. The *Drapeau* test provides the standard for evaluating motions for new trial based on newly discovered evidence and requires:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976) (quoting 2 C. Wright, Federal Practice and Procedure: Criminal 557, at 515 (1969)). Zuniga's argument does not fulfill *Drapeau*'s four prongs--(1) Zuniga's motion to provide notice of his alibi shows he knew his whereabouts before trial; (2) the affidavits are not material because they do not actually identify Zuniga's location on the day of the offense; (3) Zuniga makes no claim or showing that the affidavits will probably produce an acquittal; and (4) although Zuniga attempted to secure affidavits from his Texas foreman before trial, he has not shown his failure to secure the foreman's affidavit or trial testimony was not because of his lack of diligence. Therefore, Zuniga's claim fails as a matter of law, and the district court did not abuse its discretion in denying Zuniga's motion for new trial.

## IV.
## CONCLUSION

The affidavits do not provide evidence of Zuniga's alibi nor do they provide newly discovered evidence to support Zuniga's motion under I.C.R. 34. The district court's order denying Zuniga's motion for new trial is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.