**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46408**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 12, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MATTHEW H. BOWERS, SR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment and order denying motion for new trial, <u>affirmed</u>.

Patterson Law Offices, PA; George C. Patterson, Boise, for appellant. George C. Patterson argued.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent. Jeff Nye argued.

_____

GRATTON, Chief Judge

Matthew Henry Bowers, Sr. appeals from the district court's denial of his second motion for new trial. Specifically, Bowers argues the district court abused its discretion by incorrectly applying the *Drapeau*[1] test, which requires a defendant to establish a number of factors to receive a new trial based on new evidence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bowers was charged with eight counts of lewd conduct with a child under the age of sixteen, namely his daughters A.B. and M.B. The charges arose after M.B. told a friend from church her father had been touching her inappropriately since the age of twelve and raping her consistently since the age of fourteen. M.B. testified she wanted the abuse to stop and so she told her grandmother. However, her grandmother did nothing and the abuse continued. A.B.'s

---

[1]   *State v. Drapeau*, 97 Idaho 685, 691, 551 P. 972, 978 (1976).

1

grandmother is Bowers' mother. M.B.'s friend relayed the information to their pastor and his wife. Concerned, they decided to invite M.B. over and take her to the police station. As a courtesy, the pastor's wife also decided to reach out to A.B.'s grandmother, who was a member of their congregation, before going to the police. The grandmother indicated that she was not willing to discuss the issue. The pastor's wife then took M.B. to the police station. This triggered an investigation into both Bowers' daughters, M.B. and A.B.

As part of the investigation, a safety assessor from the Department of Health and Welfare conducted interviews with the girls. A.B.'s grandmother drove A.B. to the interview and waited for her. At the time, A.B. denied any abuse. Later, when A.B. was alone with the safety assessor, she stated her sister's allegations were true. A.B. said her grandmother pressured her to deny the abuse and she felt it was her job to protect her father. Both girls testified at trial and A.B. was cross-examined on her conflicting statements. Bowers was found guilty of seven of the eight counts.

Five months after trial, A.B.'s grandmother drove A.B. to the office of Bowers' attorney where she made a recorded statement claiming she had lied at trial. Bowers motioned for a new trial with a transcript of the recording attached. The State responded with a sworn affidavit from A.B. in which she affirmed her trial testimony and claimed her recantation was a product of the pressure she felt from her grandmother. Applying the *Drapeau* test, the district court denied the motion. Roughly two years later, Bowers filed a second motion for new trial with a new unsworn statement from A.B. attached. This statement claims that she did not testify truthfully at trial and additionally that she could refute at least one of her sister's claims of abuse. For the same reasons, the district court denied the second motion. Bowers timely appeals.

## II.

## ANALYSIS

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Whether a trial court properly

applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017). A motion for new trial based on newly discovered evidence must disclose: (1) that the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P. 972, 978 (1976).[2]

Bowers argues the district court abused its discretion by denying his second motion for new trial. Specifically, he contends it incorrectly interpreted and applied the *Drapeau* test. Applying *Drapeau*, the district court determined that A.B.'s recantation could not properly be considered new evidence supporting a motion for new trial. We agree. Bowers fails to demonstrate how A.B.'s statements after trial constitute newly discovered evidence that is material and would probably produce an acquittal.

A.B.'s recorded statement post-trial cannot properly be characterized as newly discovered evidence. Here, like in *State v. Ransom*, 124 Idaho 703, 864 P.2d 149 (1993), because other evidence suggested the victim's statements were inconsistent, any further inconsistent statements were merely cumulative. *Id.* at 712, 864 P.2d at 158 (affirming the district court's denial of new trial based on victim's recantation where juvenile victim testified she was pressured by a family member to say that the sexual abuse had not occurred). A.B.'s account of the abuse before trial reflected that she had claimed both that it did and did not happen, giving Bowers the opportunity to cross-examine her on the conflicting accounts. The jury ultimately found her testimony that the abuse did occur to be the more credible version.

Accordingly, because the jury was aware of A.B.'s conflicting accounts, her subsequent recantation is not material but merely cumulative. Before trial, A.B. initially said the abuse did not occur when confronted by the safety assessor, she later said it did and testified to its occurrence at trial. Her post-trial recantation and disavowal of that recantation is just an addition to what the jury already knew; that A.B. gave conflicting accounts of what occurred. There cannot be a failure to learn about evidence that was already before the trial court.

---

[2]     Though *State v. Scroggins*, 110 Idaho 380, 716 P.2d 1152 (1985) provides the standard for evaluating recanted testimony in Idaho, *Drapeau* controls for evidence of a recantation that is subsequently disavowed. *See State v. Ellington*, 151 Idaho 53, 253 P.3d 727 (2011). On appeal, Bowers concedes *Drapeau* is the proper test but asserts it was misapplied.

Further, the record makes it abundantly clear that A.B.'s grandmother plays a crucial role in extracting statements from A.B. that favor Bowers. However, when given the opportunity to make statements under oath, A.B. consistently claims the abuse *did occur* and that any contrary statements are a product of the pressure she feels from her grandmother. When the circumstances surrounding a recantation are "highly questionable" it is not an abuse of discretion to conclude that evidence is neither reliable nor likely to produce a different result. *Ransom*, 124 Idaho 712, 864 P.2d 158.

Finally, as to the statement in A.B.'s latest "affidavit" that allegedly refutes one of the claims of abuse by M.B., it is not new evidence because it is unsworn and other witnesses similarly testified to A.B.'s refuted version of events at trial. Moreover, the statement would not probably produce an acquittal because it is also inconsistent with Bowers' alibi defense presented at trial.

## III.

## CONCLUSION

The post-trial statements made by A.B. do not satisfy the standards applicable to a motion for new trial. Therefore, the district court did not abuse its discretion in denying Bowers' second motion for new trial. We affirm.

Judge HUSKEY and Judge LORELLO **CONCUR**.