## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47904

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JASON CORT BROCK,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  August 4, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Christopher S. Nye, District Judge.

Judgment of conviction for felony domestic battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

      Jason Cort Brock appeals from his conviction for felony domestic battery, Idaho Code § 18-918(2).  Brock argues the district court erred in denying his motion for new trial.  More specifically, Brock asserts that during trial, the district court erred by not allowing Brock to request a mistrial and by not declaring a mistrial and, therefore, the district court abused its discretion by not granting the motion for a new trial.  For the reasons set forth below, the judgment of conviction is affirmed.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

      Brock was involved in a physical altercation with his ex-wife, M.B., at their home.  Brock hit M.B. multiple times and M.B. sustained various injuries, including a fractured nose.

1

The State charged Brock with felony domestic battery. Brock pleaded not guilty, and the case proceeded to trial.

Before opening statements, Brock moved to prevent testimony regarding the medical diagnosis of M.B.'s injuries. The State agreed it would be improper for M.B. to testify about the medical diagnosis, but argued that she could testify about her personal experience when Brock hit her and about the treatment she had undergone and was still receiving for her injuries. The district court ruled that M.B. could testify that she heard a crack; her nose was displaced; she bled profusely; and she continues to receive treatment for the injuries.

During trial, M.B. testified that Brock hit her on the side of the head and she asked him to stop. When the prosecutor asked M.B. what happened next, M.B. testified that Brock "broke my nose. I heard a crack in my nose." Brock's counsel interjected, "Your Honor--." The district court issued a curative instruction, and the prosecutor rephrased the question and continued her direct examination of M.B. Later, during cross-examination, Brock's counsel asked M.B. if it was possible that there were things she did not remember about the night of the incident and M.B. responded: "It could be a possibility. I had a concussion after that and that's what happens." Brock's counsel requested a sidebar, after which the district court instructed the jury to ignore M.B.'s answer. Brock did not move for a mistrial at any point during the trial.

The jury found Brock guilty of felony domestic battery. Approximately two weeks later, Brock moved for a new trial asserting that after M.B. testified that Brock broke her nose, "[d]efense counsel attempted to move for a mistrial at that time. However, the Court, without a hearing outside the presence of the jury, decided to give a limiting instruction that the jury should not consider the broken nose statement by the witness." Brock further argued that after M.B. testified that she had suffered a concussion, "[b]efore the issue of a mistrial could be raised, immediately the court once again gave an instruction to the jury to disregard that statement by the witness." Brock's counsel also stated that he intended to move for a mistrial based on M.B.'s statements but that he "simply forgot to make that oral motion prior to the jury's verdict." At the hearing on the motion, Brock's counsel argued that the district court should have declared a mistrial after M.B. made statements regarding her medical diagnosis, despite Brock's failure to move for a mistrial. The district court noted that it had provided the jury with curative instructions to disregard M.B.'s medical testimony and denied the motion.

The district court imposed a unified term of incarceration of five years, with one year determinate, suspended the sentence, and placed Brock on five years of supervised probation. Brock timely appeals.

## II

## STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017).

## III.

## ANALYSIS

Brock asserts the district court abused its discretion by failing to act consistently with the applicable legal standards when it denied his motion for a new trial. Specifically, Brock contends that the district court did not act consistently with legal standards because it did not allow Brock to request a mistrial and did not declare a mistrial. In response, the State argues Brock's claim that he is entitled to a new trial due to the district court's failure to declare a *sua sponte* mistrial is not a cognizable claim pursuant to I.C. § 19-2406(5). The State also contends that the district court acted within its discretion when it denied the motion for new trial in light of the curative instructions the district court provided to the jury.

Brock challenges the denial of his motion for a new trial based on I.C. § 19-2406(5), which provides:

> When a verdict has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:
> . . . .
> (5) when the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.

Brock does not claim the district court misdirected the jury or that the district court should have sua sponte declared a mistrial. Instead, he argues that the district court erred in the decision of a question of law by failing to allow Brock to request a mistrial and by not declaring a mistrial. In support of his argument, Brock cites *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018), wherein the Idaho Supreme Court stated:

> In reviewing a district court's denial of a motion for mistrial in a criminal case, the question is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record.

However, unlike the facts in *Johnson*, Brock never moved the district court to declare a mistrial. Accordingly, the Court's holding in *Johnson* is inapplicable to this case. In the absence of a motion for a mistrial or any evidence that Brock was prevented from requesting a mistrial, the district court did not err.

Brock asserts that following M.B.'s testimony that Brock "broke [her] nose," the district court chose to provide the jury with a curative instruction and did not allow Brock to request a mistrial. Brock does not explain how the district court's issuance of the curative instruction prevented Brock from moving for a mistrial, and there is nothing in the record that suggests Brock was prevented from doing so. Moreover, Brock's positions are internally inconsistent. For example, in the motion requesting a new trial, Brock's counsel argued that he "attempted" to move for a mistrial after M.B. testified Brock broke her nose. The entire exchange is as follows:

| Defense counsel: | Your Honor-- |
| District court: | So folks-- |
| Defense counsel: | Can I approach for just a minute? |
| State: | Can we approach? |
| District court: | --I'll ask that you ignore that answer and if [the State] could re-ask the question. |

We cannot conclude that these statements indicate an attempt to move for a mistrial as opposed to some other objection or request, especially when *in the same motion for new trial*, Brock's counsel acknowledged that he did not ask for a mistrial because he "simply forgot to make that oral motion prior to the jury's verdict." There is nothing in the record to support Brock's claim that the district court prevented Brock from moving for a mistrial after M.B. testified that she had a concussion or at any other point during trial. Indeed, the record supports a conclusion that Brock's counsel "forgot" to make a motion. Forgetting to request a mistrial is

4

not a basis for a new trial pursuant to I.C. § 19-2406(5). The district court had no obligation to rule on a motion that was never made and, thus, did not err in deciding any question of law arising during the course of the trial. Because the error Brock asserts did not occur, it was not error to deny the motion for a new trial on that basis. Accordingly, we affirm the district court's denial of Brock's motion for a new trial and Brock's judgment of conviction.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it denied Brock's motion for a new trial. Therefore, Brock's judgment of conviction is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.