# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49228

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 21, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GERARDO PEDRAZA CONTRERAS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Order denying motion for new trial, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Gerardo Pedraza Contreras appeals from the district court's order denying his motion for a new trial. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury convicted Contreras of lewd conduct with a minor, Idaho Code § 18-1508, and this Court affirmed that conviction and issued a remittitur in October 2015. *State v. Contreras*, Docket No. 42833 (Ct. App. Sept. 23, 2015) (unpublished). In August 2021, Contreras filed a pro se motion for a new trial citing Idaho Rule of Civil Procedure 60(b). Contreras argued "newly discovered evidence" existed of prosecutorial misconduct during his case. In support, Contreras presented evidence that the attorney who prosecuted Contreras in 2014 was professionally disciplined in 2020 for prosecutorial misconduct in an unrelated

1

criminal case involving allegations of sexual assault of a minor. Contreras asserted the prosecuting attorney engaged in similar misconduct in Contreras' case and argued such misconduct entitled him to a new trial.

The district court denied Contreras' motion for a new trial. The court noted Idaho Criminal Rule 34, not I.R.C.P. 60(b), was the appropriate procedural rule for purposes of seeking a new trial in a criminal case. It ruled, however, that even if Contreras relied on I.C.R. 34, his motion for a new trial was untimely because such a motion, if based on new evidence, must be brought within two years of the final judgment. Regardless, the court further ruled that Contreras failed to support his motion with an affidavit and that the newly discovered evidence-- the prosecuting attorney's misconduct in another case--was not relevant to Contreras' case.

Contreras timely appeals.

## II.

## STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Contreras acknowledges his motion for a new trial was untimely. Regardless, Contreras contends he is "entitled to a new trial based on the newly discovered evidence and in the interest of justice." The State argues that the court did not abuse its discretion because Contreras' motion was untimely and that his appeal otherwise fails because he does not challenge the court's alternative bases for denying his motion. We agree with the State.

Contreras' motion for a new trial was untimely under I.C.R. 34, which provides that "any motion for a new trial grounded on newly discovered evidence must be filed within two years after final judgment." Contrary to this provision, Contreras filed his motion in August 2021-- more than five years after this Court issued a remittitur in Contreras' appeal in October 2015.

2

Although Contreras asserts that, despite his motion's untimeliness he is entitled to a new trial "in the interest of justice," he fails to cite any authority to support his assertion that the interest of justice is an exception to I.C.R. 34(b)(1). *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking.").

Additionally, as the State notes, Contreras also fails to challenge the district court's alternative bases for denying his motion. These bases included that Contreras did not support his motion for a new trial with an affidavit as I.C. § 19-2406(7) requires and that the newly discovered evidence of the prosecuting attorney's misconduct in an unrelated case was not relevant to Contreras' case. Where the district court rules on independent, alternative bases and the appellant only challenges one basis, this Court will not presume error but rather will affirm the ruling on the unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). Accordingly, Contreras has failed to establish the district court abused its discretion by denying his motion for a new trial.

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying Contreras' motion for a new trial, and we affirm its order.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.