936 P.2d 199

**Robert KITCHEN, Claimant–Appellant,**

v.

**TIDYMAN FOODS, Employer, and Industrial Indemnity Co., Surety, Defendants–Respondents.**

No. 22664.

Supreme Court of Idaho, Coeur d'Alene, October 1996 Term.

Jan. 16, 1997.

Beck & Kuck, Hayden, for claimant–appellant. Lawrence R. Beck argued.

Quane, Smith, Howard & Hull, Boise, for defendants–respondents. W. Scott Wigel argued.

McDEVITT, Chief Justice.

This is a worker's compensation case. Appellant, Robert F. Kitchen (Kitchen), appeals the decision of the Industrial Commission (Commission) denying Kitchen worker's compensation benefits for medical treatment. Kitchen has bilateral carpal tunnel syndrome.

## I.

### FACTS AND PRIOR PROCEEDINGS

Kitchen filed a worker's compensation complaint against his employer, Tidyman Foods (Tidyman), and his employer's surety, Industrial Indemnity Co. (Industrial Indemnity), seeking worker's compensation benefits for medical treatment of Kitchen's carpel tunnel syndrome.

On July 25, 1995, a hearing was held before a hearing officer regarding Kitchen's worker's compensation complaint. At the hearing, Kitchen testified that (1) he was 35 years old at the time of the July 25, 1995 hearing; (2) he worked in various meat-cutting (which involved repetitive wrist movement), and cleaning positions for Tidyman from December 1986 through April 1994; (3) Kitchen first began experiencing numbness in his wrists in 1988; (4) in 1990 Kitchen had surgery to remove some cartilage from his wrist; (5) Kitchen took some time off work, (4 to 5 weeks), after the 1990 surgery; (6) after the 1990 surgery, Kitchen's numbness had increased in his wrists; (7) Kitchen never saw a doctor regarding the numbness in his wrists while he was employed by Tidyman; (8) on July 11, 1994, Kitchen went to see Dr. Peter Jones regarding the numbness

in his wrists; and (9) Kitchen did not take any time off from work at Tidyman or at Super 1 Foods (Super 1), (his employer at the time of the hearing), due to the numbness in his hands because he "couldn't afford to have the time off."[1] Kitchen testified that he informed two employees of Tidyman that his hands were hurting. Kitchen explained that he would go to the cutting room and wrap a hot towel around his hands in order to relieve some of the pain and aching he experienced while working at Tidyman. Kitchen would apply hot towels to his wrists three hours into his morning shift, allowing his wrists to get warm, and then return to his work duties at Tidyman.

On November 14, 1995, the hearing officer filed her findings of fact, conclusions of law, and proposed order. The hearing officer concluded that Kitchen was not disabled within the meaning of I.C. §§ 72–102(18)(c) and 72–437 during his employment with Tidyman and denied Kitchen worker's compensation benefits for medical treatment. The hearing officer focused upon the undisputed fact that Kitchen did not take any time off from work while working at Tidyman due to his bilateral carpal tunnel syndrome. The Industrial Commission adopted the hearing officer's findings of fact and conclusions of law and ruled that Kitchen was not entitled to worker's compensation benefits. Kitchen appealed to the Idaho Supreme Court.

## II.

## STANDARD OF REVIEW

 This Court reviews the Commission's findings of fact to determine whether they are supported by substantial and competent evidence. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996). We freely review the Commission's decisions of law. *Langley v. Industrial Special Indem. Fund*, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995).

## III.

## DISABLEMENT DESCRIBES THE EVENT OF AN EMPLOYEE BECOMING ACTUALLY AND TOTALLY INCAPACITATED

 The fact that Kitchen developed carpal tunnel syndrome during the term of his employment with Tidyman is undisputed. Carpal tunnel syndrome is an occupational disease within the meaning of the Worker's Compensation Act. *Blang v. Liberty Northwest Ins. Corp.*, 125 Idaho 275, 277, 869 P.2d 1370, 1372 (1994); *Kinney v. Tupperware Co.*, 117 Idaho 765, 768, 792 P.2d 330, 333 (1990).

The issue raised in the present case is whether Kitchen is entitled to worker's compensation benefits for medical treatment for his carpal tunnel syndrome from Tidyman and Industrial Indemnity. Kitchen argues that the Commission erred in narrowly interpreting the term "disablement" to include only claimants who were "actually and totally incapacitated" due to an occupational disease. Kitchen asks this Court interpret the term "disablement" to include a claimant who is able to continue performing his or her job functions due only to the claimant's stoic or superhuman efforts.

Idaho Code § 72–437 describes the circumstances in which a claimant with an occupational disease is entitled to worker's compensation benefits:

> When an employee of an employer suffers an occupational disease and is thereby disabled from performing his work in the last occupation in which he was injuriously exposed to the hazards of such disease ... and the disease was due to the nature of an occupation or process in which he was employed within the period previous to his disablement as hereinafter limited, the employee ... shall be entitled to compensation.

I.C. § 72–437 (1989). Idaho Code § 72–102(18)(c) defines "disablement" as "the

**1.** Kitchen's explanation for failing to provide notice earlier to Tidyman regarding his carpal tunnel syndrome was as follows:

> Just that they got worse and worse and I always—guess I always thought that it would

go away. I don't know. I know some people that it did, and I, you know—and then the fact of the time off I couldn't afford it, and then I was off.

event of an employee's becoming actually and totally incapacitated because of an occupational disease from performing his work in the last occupation in which injuriously exposed to the hazards of such disease, and 'disability' means the state of being so incapacitated." I.C. § 72–102(18)(c) (Supp.1996).

In *Blang* this Court considered whether a claimant was disabled. In *Blang* one of the employer's sureties argued that the claimant could not be disabled more than once by the same occupational disease. The *Blang* Court held that while the claimant was not disabled between 1985 and 1988, the claimant was disabled by the same occupational disease in 1985 and again in 1989. *Blang*, 125 Idaho at 277–78, 869 P.2d at 1372–73. The *Blang* Court stated that under I.C. § 72–102(18)(c), "the condition of disability is more than the pain and discomfort that may and often does arise from an occupational disease. Disability is therein defined as the state of becoming 'actually and totally incapacitated' from further performing the particular tasks that induced such incapacity." *Blang*, 125 Idaho at 277, 869 P.2d at 1372. The *Blang* Court explained that when determining whether the condition of disability exists, pursuant to I.C. § 72–102(18)(c),

> [t]he proper focus of the Industrial Commission's inquiry ... is not whether the injured employee has experienced prior symptoms, but whether the employee is totally incapacitated from performing the work tasks that brought about the incapacity. The employee either is or is not incapacitated. Prior symptoms ... are relevant in determining whether the employee's occupational disease was incurred during the course of his or her employment, but are not relevant to the determination of total incapacity.

*Blang*, 125 Idaho at 277–78, 869 P.2d at 1372–73.

In *Blang* the record disclosed the claimant was beset with occasional pain and discomfort as a result of her carpal tunnel syndrome between 1985 and 1988, but nevertheless, the claimant was able to perform the janitorial tasks of her employment. *Blang*, 125 Idaho at 277, 869 P.2d at 1372. In holding the claimant was disabled in 1989,

the *Blang* Court stated that "[t]he record discloses that Blang suffered extreme pain as a result of the tasks which she performed in 1988 and 1989 and *was unable to continue such activities.*" *Blang*, 125 Idaho at 278, 869 P.2d at 1373 (emphasis added).

Kitchen does not distinguish the holding in *Blang* from the present case. Idaho Code § 72–102(18)(c) unambiguously states that "disablement" is "the event of an employee's becoming actually and totally incapacitated." This Court has interpreted the term "disablement" as the state of becoming actually and totally incapacitated from further performing the particular tasks that induced such incapacity. *Blang*, 125 Idaho at 277, 869 P.2d at 1372; *see also Jones v. Morrison–Knudsen Co.*, 98 Idaho 458, 462, 567 P.2d 3, 7 (1977) (noting that the claimant could not receive compensation for an occupational disease unless he was totally incapacitated from performing his work in the last occupation in which he was injuriously exposed to the hazards of such disease). Kitchen undisputedly continued performing his meat-cutting tasks at Tidyman, which induced his carpal tunnel syndrome, up until the day he was terminated by Tidyman. Kitchen undisputedly continued similar meat-cutting tasks at his subsequent employment with Fred Meyer and Super 1.

We affirm the decision of the Commission. Kitchen did not suffer disablement while working for Tidyman.

## IV.

## CONCLUSION

The decision of the Commission is affirmed. No attorney fees on appeal. Costs to the respondents.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.